WHITWELL (THOMASSEN v.). See Cases Nos. 13,928–13,930.

WHITWILL (LEONARD v.). See Case No. 8,261.

---

## Case No. 17,606.

### In re WHYTE.

[9 N. B R. 267.] [1]

District Court, E. D. Michigan. Jan. 23, 1874.

BANKRUPTCY—PROOF OF DEBT BY AGENT.

The absence of a claimant, which will render a proof of debt by an agent admissible, must be "from the United States;" nor will the oath of an agent, that he is better acquainted with the facts than his principal, render the deposition of the agent alone admissible as proof of debts.

[Distinguished in Re Watrous. Case No. 17,270. Cited in Re Jackson. Id. 7,123.]

[In the matter of William Whyte, a bankrupt.]

It appears from the register's certificate that in the course of proceedings before him, Clarence H. Walker offered to prove, by his own oath, a debt against said bankrupt's estate in favor of S. W. Walker & Co., which firm, he stated, was composed of Samuel W.

---

[1] [Reprinted by permission.]

Walker and Robert M. Gray; that Mr. Walker was then absent in Cincinnati, in the state of Ohio, and that Mr. Gray was then confined at his house by sickness, so that he was unable to testify. Mr. Walker claimed to have a full power of attorney from the firm of S. W. Walker & Co., authorizing him to transact any business on their behalf, and by virtue of this authority he claimed the right to prove a debt due to his principals against said bankrupt's estate. The register declined to accept the proof offered, and certified the question arising thereon into court for determination.

By HOVEY K. CLARKE, Register in Bankruptcy:

Section twenty-two [14 Stat. 527] provides, with considerable minuteness of detail, what a proof of debt shall contain. It must set forth the demand, the consideration, and whether any and what securities are held for it. It will be observed that these requirements are more than would be necessary to sustain an action of assumpsit in a common law court. But the act goes farther even than this, and specifies who shall make the proof; it must be the claimant "in person, unless absent from the United States, or prevented, from good cause, from testifying." And, moreover, general order thirty-four, provides that when a proof of debt is made by an agent, the deposition must state the reason why it is "not made by the claimant in person," in order, as I suppose, that the officer taking it may know whether the reason be such as the statute recognizes as sufficient to authorize him to dispense with the oath of the claimant in person. In this case the reason offered why one of the parties, Mr. Gray, does not make the proof, I regard as sufficient. But the other partner, Mr. Walker, is not absent from the United States, nor prevented by any cause from testifying, which does not apply to every non-resident, or even temporarily absent, creditor. To allow the agent in this case to make the proof on the ground that his authority from his principals is ample, is in effect to declare that creditors hold the provision of the act, requiring proofs to be made in person, entirely at their discretion.

I cannot think that this was the intention of the act. Its provisions are peculiar. Not only must the original indebtedness be established by an oath, but the continued existence of it, at the time of proving, must be also shown on oath; and whether any and what securities are held for it. And to the showing of all this, by a person having the greatest interest to be correctly informed on the whole subject, it seems to be the purpose of the act, that every creditor shall be held for the benefit of every other creditor, with the two exceptions only as specified. It was urged before me that the knowledge of the agent in this case was, in fact, superior to that of the absent partner. The statute, however, has made no such exception. Having

made two, and two only, I do not feel at liberty to admit another, as I should if I were to take proofs by agents in all cases where their knowledge of the facts was superior to that of their principals. This would be an excellent reason for admitting such testimony in a common law action; but a different rule has been prescribed by the bankrupt act, and, I think, with good reason. It is not sufficient to make a prima facie case. to be rebutted or diminished by a set-off. In proving debts in bankruptcy the claimant is the plaintiff. all the other creditors are the defendants; who, however, have generally no knowledge, nor means of knowledge, as to any defense that may exist. Hence the propriety of requiring the claimant's oath as to the state of the whole account. In every large commercial house the clerk who sells the goods is ordinarily much better informed as to the origin of the debt than the principal; but whether the goods have been paid for or not, is often entirely within the knowledge of another clerk, who knows more about this than his principal; and whether any security has been taken may be known only to another, although this last fact is more likely than either of the others to be known to the principal, and not to his clerks. All these facts which go to make up the account and its condition at the time of proof is what the bankrupt act intends shall be shown on oath to entitle a claim to participate in the distribution. The law, as I think, wisely, provides that the claimant must take the responsibility in person of stating them; and to allow him to evade it whenever his agent is willing to swear that he knows more about the facts than his principal. is to open a wide door for the evasion of one of the most useful and practical provisions of the bankrupt act concerning the proof of debts.

LONGYEAR. District Judge. I hereby approve the foregoing decision.